FECHTER v. ZAGELMEYER.

1. PATENTS—CONSTRUCTION OF PATENT.
Where the applications for patents stated that they referred to a method or process of making building blocks or bricks, and the patents granted used similar language, the finished product, rather than the mere facing thereof, is protected thereby.[1]

2. SAME—SECOND PATENT SEPARATE FROM FORMER.
Where a patent was granted for making a so-called sand-faced block and later another patent was granted to the same applicant for making a so-called granite-faced block without making any reference to the former patent, they are to be regarded as separate and distinct patents.[2]

3. CONTRACTS—CONSTRUCTION OF CONTRACT.
Although, under a contract giving to grantees the exclusive right, in a certain county, to use a patent process for manufacturing concrete blocks, and also "the right and license to use * * * any other patent, inventions or improvement" which grantor might thereafter obtain, grantees had the right to use a second patent obtained by him, said right was not exclusive.[3]

4. SAME—TERMS OF CONTRACT NOT ENLARGED BY RECEIPT GIVEN FOR PAYMENT THEREUNDER.
Although a receipt for the final payment on a contract for the right to use a patent process for making concrete blocks used the word "exclusive," in reference to said right, it did not thereby enlarge the terms of the contract, which was specifically referred to.[4]

5. PATENTS—WHERE PATENT HAD EXPIRED BY LIMITATION GRANTEES OF EXCLUSIVE RIGHT TO USE IT WERE NOT ENTITLED TO ENJOIN ITS USE BY OTHERS.
Under a contract giving grantees the exclusive right to use a patent process for making concrete blocks in a certain county and the right to use any other patent obtained by grantor, they were not entitled to an in-

[1]Patents, 30 Cyc. p. 937; [2]Id., 30 Cyc. p. 943 (Anno); [3]Id., 30 Cyc. p. 956; [4]Id., 30 Cyc. p. 956.

junction enjoining the use of said process by others in said county, although grantees had the right to use another patent obtained by grantor protecting a similar process, where the first patent had expired by limitation.[5]

Appeal from Saginaw, Browne (Clarence M.), J. Submitted April 8, 1926. (Docket No. 46.) Decided July 1, 1926.

Bill by Otto Fechter and Arthur Mossner, copartners as Frankenmuth Cast Stone Works, against Frank Zagelmeyer and others to establish the exclusive right to manufacture under certain patents. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Robert Brucker* and *R. L. Crane,* for plaintiffs.

*P. M. Haller* (*Stoddard & McMillan,* of counsel), for defendants.

CLARK, J. On August 6, 1907, defendant Frank Zagelmeyer was granted a process patent for making molded bricks or blocks, which patent was for a term of 17 years from its date of issuance. The application for the patent and its allowance were some months earlier. On February 19, 1907, Zagelmeyer, as first party, entered into a contract in writing with certain persons as second parties whose rights thereunder have passed to plaintiffs. By the terms of the contract the second parties were given the right to—

"make and sell concrete blocks in accordance with the process or method mentioned in said patent during the life of said patent, within the county of Saginaw, Michigan, but not elsewhere, and to receive all the profits and advantages of such manufacture and sale within said county without any interference, suit, trouble, or hindrance of, from or by him, the said party of the first part, or any other person or persons claiming to hold or use said inventions from, by or under, or in trust for him by virtue of said letters patent."

---

[5] Patents, 30 Cyc. p. 957.

And we quote further

"The said party of the first part, for himself, his executors, administrators and assigns, hereby covenants and agrees with the said parties of the second part, their executors, administrators and assigns, that he will not at any time during the residue of said term grant any license to any other person to make the said concrete block within the limits of said Saginaw county, Michigan.

"It is mutually understood and agreed that the consideration of $2,000 shall be paid as follows: $1,000 in cash on the execution and delivery of this license and the remaining $1,000 as soon as the said parties of the second part or their assigns shall increase their operations so as to make more than 100 blocks per day. * * *

"In consideration of the premises the said party of the first part gives and grants unto said parties of the second part and their assigns the right and license to use in Saginaw county, Michigan, any other patent, inventions or improvement he may hereafter obtain or make either in connection with the process of manufacturing concrete blocks or molds, or machinery to be used for such purposes without additional cost to them."

One thousand dollars was paid down and the second $1,000 was paid later and a receipt given therefor as we shall see later. On February 3, 1914, Zagelmeyer was granted another process patent for making blocks. The first patent has expired under its limitation. Plaintiffs have been permitted to use the process covered by the second patent, but they have been denied by defendants the exclusive use of such process within the county of Saginaw. Plaintiffs seek by bill to establish the right of exclusive use of such process within the county and to protect it by injunction. The bill was dismissed. Plaintiffs have appealed.

The question is on the language of the contract, particularly that of the last paragraph quoted. We quote with approval from the opinion of the trial judge:

"The serious question in this case is whether the patents, or process patents of 1907 and 1914, co-called, covered simply a method of process for facing wet mix slush blocks, or whether the entire block, as a finished product is covered by these process patents. The claims of the parties with reference thereto have been heretofore stated. It will be necessary for the court to look to the applications for these process patents to determine the question, as well as the testimony in the case.

"The applications for these patents, respectively, and the patents themselves, were offered in evidence in this cause, and speak for themselves; their language seems clear and unambiguous. The application for the patent of 1907 states the purpose and description of the invention for which the patent was sought, as follows:

" 'My application relates to a method or process of making building blocks or bricks.'

"Then follows a description of the method or process by which such blocks or bricks are to be manufactured. This document is of such length that the court will not undertake to quote its detail, but simply refer to its contents, which shows that the finished product is, in the opinion of the court, covered by said patent of 1907, because the method or process, when used, is inseparable from the finished product, and it necessarily follows that the block itself is protected by the patent. The patent of 1914 is described in the application therefor, as filed August 16, 1912, as a 'method of making a faced block.'

"The language of both applications cannot be otherwise construed, than that the patents not only covered the method or process of making faced blocks, but that they covered the blocks as made. The patent of 1907 covered a so-called sand-faced block, while the patent of 1914 covered the granite-faced block, so-called. Both were separate and distinct patents, not referring to each other in any way. The latter patent is not referred to as an improvement to or upon the product of the former patent. The contract * * * does not pretend, when referring to the patent of 1907, to cover an improvement which might be made thereto,

or to the product made thereunder.   This patent has expired.   *   *   *

"The next question involved is whether the last clause or paragraph of the agreement gives the plaintiffs the 'exclusive right' to use in Saginaw county, Michigan, 'any other patent, inventions or improvement he (the defendant, Frank Zagelmeyer) may hereafter obtain or make either in connection with the process of manufacturing concrete blocks, or molds or machinery to be used for such purposes without additional cost to them.'   *   *   *   It will be noted that in the last paragraph nothing is said relative to an 'exclusive right or license' to use any other patent, inventions or improvement he may hereafter obtain or make either in connection with the process of manufacturing concrete blocks or molds or machinery to be used for such purposes without additional cost to them.   There is no question of the right of the plaintiffs to use the patent of 1914, and to make and sell blocks manufactured by the method or process of 1914, so-called.   The question is, Have the plaintiffs the exclusive right and license to do so?   *   *   *

"The plaintiffs offer in evidence a receipt heretofore set forth under the findings of fact heretofore made, which contains the following:

"'May 10, 1920.

" 'Received of Otto Fechter, $1,000.00, One Thousand and 00/100 dollars as payment in full for exclusive right to Saginaw Co. as per agreement dated Feb. 2 (19), 1907, given by us to Frank A. Arndt, George W. M. Arndt and Casper O. Stoker.'

"It will be noted that the word 'exclusive' is used in this receipt, and it is the claim of the plaintiffs, that this is conclusive of their right to the exclusive manufacture and sale of blocks under the patent of 1914 in Saginaw county.   They also claim that the patent of 1914 is an improvement to the patent of 1907 and a part thereof, or possibly a new invention, and if the latter, then that the terms of said receipt including the use of the word 'exclusive' therein has the effect above contended for by them.   I cannot agree that the patent of 1914 is an improvement to the patent of 1907, or any part thereof.   The only reference to future improvements, or any other patent, inventions or improvement is made in the last para-

graph (of the contract).    This paragraph and the language thereof negatives the idea of the right of the second parties to use any future patent, inventions or improvement either with reference to the patent of 1907 or otherwise, under any other clause of the agreement than the last one, and in said last paragraph it is expressly provided what the rights of the second parties to the agreement should be, viz: 'The right and license to use in Saginaw county, Michigan, any other patent, inventions or improvement.'  *  *  * The last paragraph merely grants unto the second parties thereto the 'right and license' to use in Saginaw county, Michigan, any other patent, inventions or improvement which he (Frank Zagelmeyer) may hereafter obtain or make either in connection with the process of manufacturing concrete blocks, etc.    It gives the second parties to said agreement or their assigns 'no exclusive right' to use such new patent, inventions or improvement in Saginaw county, Michigan, but merely the right to use such new patent, inventions or improvement in connection with their business of making blocks under the patent of 1907, as stated in such agreement, and this last paragraph of said (contract) is not enlarged by the terms of the receipt given Fechter, above quoted, and which was dated May 10, 1920, for although the word exclusive was used in the receipt, it was qualified by the further terms of the receipt 'As per agreement dated February 19, 1907, given by us,' " etc.

No other question requires discussion.

Decree affirmed.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.    SNOW, J., did not sit.